# United States Court of Appeals
## For the First Circuit

No. 20-1617

SCOTT KNOUS,

Plaintiff, Appellant,

v.

BROADRIDGE FINANCIAL SOLUTIONS, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Leo T. Sorokin, U.S. District Judge]

Before

Lynch and Kayatta, Circuit Judges,
and McElroy,* District Judge.

Alan H. Crede, with whom David Conforto and Conforto Law Group
were on brief, for appellant.
Shira M. Blank, with whom Elizabeth S. Torkelsen, Jeremy M.
Brown, and Epstein Becker & Green PC were on brief, for appellee.

March 25, 2021

---

\* Of the District of Rhode Island, sitting by designation.

**KAYATTA**, **Circuit Judge**.  In 2018, Scott Knous began working as an at-will employee for a fintech company called Broadridge Financial Solutions, Inc.  Roughly one year later, on May 17, 2019, a vice president of human resources and a managing director at Broadridge called Knous into a meeting at Broadridge's Boston office to inform Knous that Broadridge was eliminating his position.  They told Knous his pay and benefits would continue until the following Friday, May 24, 2019.  May 17 not being a payday, Knous received no payment from Broadridge that day.  Rather, on May 24, Knous received his final paycheck via direct deposit including all accrued vacation pay and full payment of his salary through May 24.

Not tarrying, Knous had already filed this lawsuit in Massachusetts Superior Court on May 22, claiming a violation of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, §§ 148, 150.  The Act provides that "any employee discharged from [his] employment shall be paid in full on the day of his discharge."  Id. § 148.  Knous claimed that "the day of his discharge" was May 17, not May 24, and hence Broadridge had failed to make timely payment under the Act.  The Act imposes strict liability on employers who fail to comply with its requirements, and it allows aggrieved employees to sue for lost wages, treble damages, attorneys' fees, and costs.  See Lawless v. Steward Health Care Sys., LLC, 894 F.3d 9, 21 (1st Cir. 2018).

After Broadridge removed the case to federal district court, the court eventually granted summary judgment in favor of Broadridge.  See Knous v. Broadridge Fin. Sols., Inc., Civil No. 19-11973-LTS, 2020 WL 2747821 (D. Mass. May 27, 2020).  After carefully considering on de novo review the record and briefs on appeal, as well as oral argument by counsel, we affirm for substantially the reasons given by the district court.  We add only our explanation for rejecting several criticisms of the district court's opinion offered by Knous on appeal.

Knous argues that, as a matter of statutory interpretation, the day an employee is "discharged from . . . employment" under the Wage Act is the day the employee is told to stop performing work for his employer.  See Mass. Gen. Laws ch. 149, § 148 (providing that "any employee discharged from [his] employment shall be paid in full on the day of his discharge").  At the May 17 meeting, the vice president and the managing director told Knous to immediately return his company-issued cell phone and laptop, to immediately return his keycard badge used for building access, to clean out his desk or have its contents shipped to him, to leave the premises thereafter, to immediately cease performing his employment duties, and to stop reporting to work.  These instructions, Knous argues, provide a basis for finding that his discharge occurred on May 17.  The district court disagreed, reasoning that a "discharge from employment" under the Wage Act

- 3 -

"occurs upon the severance of the employment relationship," not merely when an employer instructs an employee to stop performing work. Knous, 2020 WL 2747821, at *4; see also Clermont v. Monster Worldwide, Inc., 102 F. Supp. 3d 353, 356 (D. Mass. 2015) (explaining that the day of discharge is the date the employer "sever[s] its employment relationship with the employee"); Discharge, Black's Law Dictionary (11th ed. 2019) (defining "discharge" as "[a]ny method by which a legal duty is extinguished," such as "[t]he firing of an employee"); Camara v. Att'y Gen., 941 N.E.2d 1118, 1121-22, 1122 n.10 (Mass. 2011) (looking to Black's Law Dictionary to interpret a term not defined in the Wage Act).

We agree with the district court. In both its broad scope and in its detail, the Act evidences a concern that employees be paid all wages and benefits on time, see Elec. Data Sys. Corp. v. Att'y Gen., 907 N.E.2d 635, 640-41 (Mass. 2009), and that the day of discharge is the time for a final accounting and payment. Nothing in the Act suggests that the legislature also wanted to require employers to have employees do work until the day of their official discharge. Simply put, we cannot imagine that the legislature sought to punish Broadridge because it gave Knous prior notice of the day on which his pay and benefits would cease, plus full paid time off through that day.

Nor is Dixon v. City of Malden, 984 N.E.2d 261 (Mass. 2013), much cited by Knous, to the contrary. Dixon does not involve a dispute concerning whether and when a discharge occurred. Rather, Dixon addresses the treatment of post-discharge employer payments under the Wage Act. See id. at 261-62.

Knous also suggests that Broadridge impermissibly contracted around the Act's required day-of-discharge payment by effectively terminating Knous on May 17 but agreeing to pay Knous through the following week. The Wage Act provides that "[n]o person shall by a special contract with an employee or by any other means exempt himself from [Mass. Gen. Laws ch. 149, §§ 148, 150]." Mass. Gen. Laws ch. 149, § 148. To be sure, an employer cannot circumvent the Wage Act by simply relabeling its actions that would otherwise violate the Act. See Elec. Data Sys. Corp., 907 N.E.2d at 641 ("As its 'special contracts' clause recognizes, the Wage Act would have little value if employers could exempt themselves simply by drafting contracts that placed compensation outside its bounds . . . ."); Awuah v. Coverall N. Am., Inc., 952 N.E.2d 890, 897 (Mass. 2011) (concluding that employer's financing system, "which classifies what are in reality wages for work performed as compensation 'advances' that may be recouped" violated the Act's "special contracts" clause). But there were no actions here that otherwise violated the Act, as we have already explained.

Knous next contends that the district court should not have granted summary judgment in favor of Broadridge because a genuine dispute of material fact existed as to whether Broadridge severed its employment relationship with him on the 17th, even accepting the district court's definition of discharge. Knous points to his responses to Broadridge's requests for admission, stating under penalty of perjury that the managing director began the May 17 meeting by saying that Knous was being "let go immediately." Knous's point seems to be that such a statement by itself could reasonably be construed as saying not just that Knous would have to leave work immediately, but that he was being discharged immediately. Knous, though, admits that at the same meeting Broadridge gave Knous for his review a written agreement stating in bold on the first page that his "employment with the Company and its subsidiaries will terminate on **May 24, 2019** (the 'Termination Date')." Furthermore, he concedes that Broadridge told him at that same meeting that it would continue his pay and all benefits through May 24, and that it did so. On such a record, it is clear that Knous was discharged on May 24.

We therefore <u>affirm</u> the judgment of the district court.